**Harold HODGES, Appellant,**

v.

**STAR LUMBER & HARDWARE COMPANY, INC., Appellee.**

**No. 8660.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 22, 1976.

McWhorter, Cobb & Johnson (Jack P. Driskill), Lubbock, Kenneth A. Back, Amarillo, for appellant.

V. G. Kolius, Amarillo, for appellee.

ROBINSON, Justice.

In this suit for deficiency after sale under a deed of trust securing a promissory note, the trial court rendered judgment for plaintiff-holder which included attorney's fees of 10% of the amount due on the note at the time it was referred to the attorney for collection and before the sale under the deed of trust. Defendant-maker appeals. The judgment of the trial court is modified to allow recovery of attorney's fees only on

the deficiency after the sale and, as modified, is affirmed.

Defendant Harold Hodges gave plaintiff Star Lumber & Hardware Company, Inc., his note in the principal amount of $24,-812.93 bearing interest of 8½% per annum and payable in 180 days. The note contained an attorney's fee provision as follows:

> . . . in the event default is made in the prompt payment of this note when due or declared due, and the same is placed in the hands of an attorney for collection, or suit is brought on same, or the same is collected through Probate, Bankruptcy or other judicial proceedings, then the makers agree and promise to pay ten percent (10%) additional on the amount of principal and interest then owing, as attorney's fees.

The note was secured by a deed of trust on certain property belonging to defendant. The deed of trust was not offered in evidence. Therefore, we have no knowledge of its provisions, if any, for attorney's fees.

Defendant defaulted on the note at maturity and plaintiff delivered the note to his attorney with instructions to proceed with foreclosure under the deed of trust. The property was sold by the trustee and the balance, after deduction of a 5% trustee's fee, was credited on the note, leaving a deficiency or balance due on the note of $13,193.13.

In a suit for the deficiency, plaintiff sought and recovered an attorney's fee of 10% of the amount due at the time the note was placed with the attorney for sale under the deed of trust and collection. Defendant contends that plaintiff is not entitled to recover attorney's fees on the amount collected through the trustee's sale, but only on the sum of the deficiency plus interest accruing after the sale.

In the factually similar case of *American Nat. Ins. Co. v. Schenck*, 85 S.W.2d 833 (Tex.Civ.App.—Amarillo 1935, no writ), this court held that a mortgagee who elected to foreclose by sale by trustee under power

contained in a deed of trust could not recover the 10% attorney's fee provided for in the secured note, but could only recover only the trustee's fees where the mortgagee's attorney did nothing in his professional capacity toward collection of the indebtedness.

We conclude that in a suit for deficiency after foreclosure and on the facts of the case before us, plaintiff may recover the 10% attorney's fees provided for in the note only on the total of the deficiency remaining after the trustee's sale plus interest accruing thereafter.

Defendant's remaining points of error are predicated on the apparently erroneous assumption that the original note was not introduced in evidence. The original exhibits are not before us. Nevertheless, the statement of facts shows that the note "given" by defendant was offered and admitted in evidence. In response to its tender by plaintiff, defendant's trial counsel stated, "No objections." The remaining points of error are accordingly overruled.

The judgment of the trial court is excessive in the amount of $1,332.80 because of the improper computation of attorney's fees and interest thereon. The judgment is modified to reduce the recovery of plaintiff to $14,874.14 plus interest from date of judgment at 10% and costs in the trial court. As modified, the judgment is affirmed.